UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,                          Case No. 15-11479

       Plaintiff,                         Mark A. Goldsmith
v.                                        United States District Judge

GOODYEAR TIRE/CBSD, et al,                Stephanie Dawkins Davis
                                          United States Magistrate Judge
       Defendants.
_____/

## REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS (Dkt. 12)

Plaintiff Rochelle Daniel filed this consumer protection case against defendant Citibank, N.A. ("Citibank," improperly referred to by plaintiff as Goodyear Tire/CBSD), alleging that Citibank accessed her full credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq.* (Dkt. 1, 11).  This matter was referred to the undersigned for all pretrial purposes.  (Dkt. 5).  Citibank filed a motion to dismiss on September 28, 2015.  (Dkt. 12).  On October 19, 2015, plaintiff filed both a response to defendant's motion to dismiss and a motion for leave to file a second amended complaint. (Dkt. 15, 16).  Citibank filed a response opposing plaintiff's motion for leave to file a second amended complaint, and a reply brief in further support of its own motion to dismiss. (Dkt. 17, 19).  Plaintiff filed a reply brief in

1

further support of her motion for leave to amend. (Dkt. 20). Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), these motions will be determined without oral argument. (Dkt. 13, 18). For the reasons set forth below, the undersigned recommends that defendant's motion to dismiss be **GRANTED**, and plaintiff's motion for leave to file a second amended complaint be **DENIED** but that plaintiff be **GRANTED** leave to amend her complaint to address the deficiencies identified by the Court.

I.      FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

On April 29, 2013, plaintiff received a copy of her credit report prepared by Experian, which reflected that a request for plaintiff's credit history was made by an entity identified as Goodyear Tire/CBSD[1] on June 27, 2012. (Dkt. 11). Plaintiff alleges that she never made an application for credit with Citibank by phone, online or in person. (*Id*.) She further alleges that she never received an adverse notice from Citibank or any information relating to an application for credit relative to Goodyear. (*Id*.)

On August 14, 2014, plaintiff sent defendant a letter requesting an explanation for why it had accessed her credit report. (Dkt. 15-1). According to plaintiff, a Citibank representative reported to her that it would have accessed her

---

[1] CBSD, or Citibank (South Dakota), N.A. was defendant's predecessor in interest. (Dkt. 12).

credit report only if it had received an application for credit for her.  The representative also told plaintiff it did not have the application because over two years had elapsed between the date of the application (June 27, 2012) and the date she inquired about it (August 14, 2014).  (Dkt. 11).   Plaintiff alleges that Citibank has "no evidence of a reasonable belief that include any facts detailing the underlying credit transaction that justified [the accessing] of [her] credit report." (*Id*.)  Plaintiff alleges that defendant lacked a permissible purpose for obtaining her credit report and thus violated the FCRA and intruded upon her seclusion in so accessing the report. (*Id*.) Plaintiff further alleges that Citibank violated 15 U.S.C. §1681b(f) by acting knowingly or with a reckless disregard to consumer rights in requesting and obtaining plaintiff's credit report without a permissible purpose. (Dkt. 11)  Alternatively, plaintiff alleges that Citibank was negligent in obtaining a copy of her credit report without permissible purpose, and that Citibank's negligence caused her mental anguish and personal humiliation.  (Dkt. 11).

      Citibank argues that plaintiff's complaint should be dismissed because Citibank had a permissible purpose for obtaining plaintiff's credit report and because it did not knowingly, willfully, recklessly or negligently violate the FCRA in doing so. (Dkt. 12).  To support its argument that it had a permissible purpose in obtaining plaintiff's credit report, Citibank relies upon a document it attached to its Brief in Support of its Motion to Dismiss, which appears to be a page from a

New Accounts Processing System Journal reflecting Citibank's receipt of a credit application containing plaintiff's name, address and date of birth, as well as a redacted telephone number and social security number ("the Application"). (Dkt. 12-2). Citibank also attaches to its brief and relies upon a letter dated June 30, 2012 from the Goodyear Credit Plan, correctly addressed to plaintiff, which purports to decline her request for credit ("the Letter"). (Dkt. 12-5). Citibank argues that plaintiff has failed to state a claim upon which relief may be granted under the FCRA because it did not willfully, knowingly, recklessly or negligently obtain plaintiff's credit report without a permissible purpose. (Dkt. 12). Finally, Citibank argues that plaintiff has failed to assert a prima facie case for intrusion upon seclusion. (*Id.*).

Plaintiff responded to Citibank's motion to dismiss with her own motion for leave to file a second amended complaint (SAC), arguing that the SAC would render Citibank's motion moot. (Dkt. 16). Citibank argues that plaintiff's motion for leave to file the SAC should be denied because the SAC does not rectify the insufficiencies of the amended complaint, fails to state a claim under the FCRA or for intrusion upon seclusion and thus would be futile. (Dkt. 17). Specifically, Citibank argues that the SAC does not set forth sufficient facts to state a claim that is plausible on its face because it does not contain allegations which would repudiate Citibank's affirmative assertion of permissible purpose, i.e., the

4

processing of the Application, and the issuance of the Letter. (Dkt. 12-2, 12-5).

Plaintiff argues that the proposed SAC adequately states a claim for relief under the FCRA and that the Application (of which she had requested a copy before filing suit against defendant) and the Letter were fabricated by Citibank. (Dkt. 20).

## II. LEGAL ANALYSIS AND CONCLUSIONS

### A. Standard of Review

In reviewing a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)*(*citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir.2006)). Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. *Id.* Plaintiffs' obligation to provide the "grounds" of their entitlement to relief calls for more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to

relief. *Id*. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 1969. "Determining whether a complaint states a plausible claim for relief will...be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 566 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

    B.    **Extrinsic Materials**

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. *Geiling v. Wirt Fin. Servs., Inc.*, 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015). Rule 12(b)(6) motions must typically be limited to consideration of the pleadings or converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). *Id.*(citing *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 487 (6th Cir.2009)). However, the Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are

6

referred to in the plaintiff's complaint and are central to her claim." *Id.*(quoting *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir.1997)).  Extrinsic material may be considered part of the pleadings only if the document's content is alleged in the plaintiff's complaint without any challenge to the document's authenticity, and it does not rebut, challenge, or contradict anything in the plaintiff's complaint.  *See Snodgrass-King Pediatric Dental Assoc. P.C. v. DentaQuest USA Ins. Co. Inc.*, 79 F.Supp.3d 753, 761(M.D.Tenn. 2015)(citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994); *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir.1993); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 n. 23 (3d ed.)); *see also Braun v. United Recovery Systems, LP*, 14 F.Supp.3d. 159, 170 (S.D.N.Y. 2014).

Courts presented with extraneous materials not considered part of the pleadings can either exclude them and proceed under Rule 12(b)(6) or convert the motion for consideration under Rule 56.  Fed.R.Civ.P. 12(d); *Tackett*, 561 F.3d at 487.  A motion to dismiss is not automatically converted into a motion for summary judgment simply because a party submits exhibits or other materials beyond the pleadings.  *Gudenas v. Cervenik*, 2010 WL 987699, at *3 (N.D. Ohio Feb. 22, 2010), report and recommendation adopted, 2010 WL 1006532 (N.D. Ohio Mar. 16, 2010)(citing *Pueschel v. United States*, 369 F.3d 345, 353 n. 3 (4th Cir.2004) and *Casazza v. Kiser*, 313 F.3d 414, 417–418 (8th Cir.2002)).  The

court has "complete discretion" whether or not to consider any material beyond the pleadings which is submitted with a Rule 12(b)(6) motion. *Id.*, citing *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700–701 (8th Cir.2003) (quoting 5A Wright & Miller, *Federal Practice and Procedure*, § 1366). Where the court does not rely on such materials, the court does not err in simply considering the motion as a motion to dismiss. *Pueschel*, 369 F.3d at 353 n. 3; *Stahl*, 327 F.3d at 700–701; *Casazza*, 313 F.3d at 418.

Alternatively, a district court may convert the motion *sua sponte*. This conversion, however, "should be exercised with great caution and attention to the parties' procedural rights." *Tackett*, 561 F.3d at 487(quoting 5C Wright & Miller § 1366). In such a case, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Gudenas*, 2010 WL 987699, at *3(quoting Fed.R.Civ.P. 12(d)). A ruling on a motion for summary judgment may be found premature where discovery has not taken place. *Id.*(citing *Wojciechowski v. Wal–Mart Assoc., Inc.*, 2007 WL 1290589, at *3 (E.D.Mich. May 1, 2007) (citing *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir.2005)).

Citibank has attached extraneous material to its motion to dismiss, namely the Application (Dkt. 12-2) and the Letter (Dkt. 12-5). Although plaintiff addresses the concept of a credit application to Citibank in her name, she

8

specifically denies the existence of such an application. (Dkt. 11, 15-1). Because plaintiff challenges the authenticity of the attached documents and those documents rebut plaintiff's allegation that she never applied for credit from Goodyear/Citibank, they may not be considered part of the pleadings. *See Snodgrass-King Pediatric Dental Associates, P.C.*, 79 F. Supp. 3d at 761. The Court must either exclude them from consideration, or convert Citibank's motion to one for summary judgment. *See Tackett*, 561 F.3d at 487. The undersigned believes consideration of Citibank's motion under Rule 56 would be premature given the procedural posture of this matter. *See Gudenas*, 2010 WL 987699, at *3. Accordingly, Citibank's attachments will not be considered and its motion will be construed under Rule 12(b)(6). (Dkt. 12-2, 12-5).

    **C.**     **Fair Credit Reporting Act**

Section 1681b of the FCRA sets out the conditions under which consumer credit reports may be furnished by a consumer credit agency. 15 U.S.C. §1681b. Specifically, the FCRA provides that a consumer reporting agency may furnish a consumer credit report:

(3) [t]o a person which it has reason to believe

    (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
    ...

>    (F) otherwise has a legitimate business need for the information–
>       (i) in connection with a business transaction that is initiated by the consumer; or
>
>       (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. §1681b(a)(3)(A), (a)(3)(F). A person shall not use or obtain a consumer report for any purpose unless–

>    (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
>    (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. §1681b(f). Based upon these statutory provisions, the courts have found that a plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a consumer report within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose. *McFarland v. Bob Saks Toyota, Inc.*, 466 F.Supp.2d 855, 867 (E.D.Mich. 2006)(citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002)). In addition, a plaintiff must demonstrate that the defendant acted with the requisite degree of culpability–either willfulness under 15 U.S.C. §1681n(a), or negligence under 15 U.S.C. §1681o(a)–in order to impose civil liability under the FCRA. *See Grendahl*, 312

F.3d at 364.

### 1. Permissible Purpose

A showing of permissible purpose is a complete defense to a FCRA violation claim. *Daniel v. Bluestem Brands, Inc.,* 2014 WL 81763 at *4 (E.D. Mich., Jan. 9, 2014). To establish a violation, a plaintiff must show that defendant lacked a permissible purpose in obtaining his credit reports. *Id.* At least one court has held that allegations that a defendant accessed a plaintiff's credit report without providing plaintiff an explanation as to why it did so are sufficient to survive a motion to dismiss on a permissible purpose defense. *See Smith v. Safeco Insurance,* 2013 WL 5609323, *1 (N.D. Ill., Oct. 11, 2013).

Plaintiff alleges (in her proposed SAC) that Citibank never provided her with an explanation as to why it accessed her credit report. (Dkt. 15-1). According to plaintiff, Citibank claimed it would only access a credit report in conjunction with an application for credit, but that it could find no application for plaintiff in its records. (Dkt. 15-1).

Citibank asserts it permissibly accessed plaintiff's credit report, relying upon the Application and the Letter it attached to its motion. (Dkt. 12-2, 12-5). As discussed above, the Court will not consider these attachments because they are not part of the pleadings and because it would be premature to convert the motion to dismiss to one for summary judgment. *See Snodgrass-King Pediatric Dental*

*Associates, P.C.*, 79 F. Supp. 3d at 761; *Gudenas*, 2010 WL 987699, at *3. The facts, as alleged by plaintiff, are sufficient to support an inference that Citibank accessed her credit report without a permissible purpose. *See Smith,* 2013 WL 5609323 at *1. Hence, Citibank's permissible purpose defense does not justify dismissal of plaintiff's FCRA claims under Rule 12(b)(6).

### 2. Culpability

Nevertheless, to sustain a claim for civil liability under the FCRA, plaintiff must show not only that the defendant lacked a permissible purpose in obtaining her credit reports, but also demonstrate that the defendant acted with the requisite degree of culpability, either wilfulness or negligence. *Bluestem Brands, Inc.,* 2014 WL 81763 at *3; 15 U.S.C. §§1681n, 1681o. A wilful violation is either an intentional violation or a violation committed by agency in reckless disregard of its duties under the FCRA. *Khoury v. Ford Motor Credit Co.,* 2013 WL 6631471, at * 5 (E.D.Mich., Dec. 17, 2013). "'Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.*(quoting *Garrett v. Experian Info. Solutions, Inc.,* 2012 WL 1931324, at *4 (E.D.Mich., May 29, 2012)). A company subject to the FCRA does not act in reckless disregard of it unless its action is not only a violation under a reasonable reading of the statute's terms, but also shows that the company ran a risk of violating the law that was substantially greater than

12

mere carelessness. *Id*. Mistake cannot be actionable under the wilful or reckless FCRA culpability standards. *Id*. A plaintiff must allege specific facts to satisfy the state-of-mind element; the alleged facts must include enough information to allow the court to draw a reasonable inference that the alleged FCRA violation was wilful or that the defendant knew that it had no permissible purpose or recklessly disregarded its obligation to have a permissible purpose to access a credit report. *Braun*, 14 F.Supp.3d at 172.

Neither plaintiff's amended complaint, nor the proposed SAC, contain allegations of facts to support an inference that Citibank's actions ran an unjustifiably high risk of violating the FCRA. *See Khoury*, 2013 WL 6631471 at *4. If anything, plaintiff creates a contrary inference, that Citibank avoids such risk and seeks to ensure FCRA compliance, by affirmatively alleging that Citibank trains its employees in FCRA and other related regulations. (Dkt. 15-1, ¶30). Plaintiff's allegations, specifically that Citibank obtained plaintiff's credit report under false pretenses, that its actions were inconsistent with one of permissible purpose, that it illegally obtained the report by falsely certifying to Experian that it had a permissible purpose to access the report and that Citibank acted knowingly or with reckless disregard to consumer rights in obtaining plaintiff's credit report, are conclusory and amount to nothing more than a formulaic recitation of the elements of the cause of action. *See Braun v. United Recovery Systemss*, 14

13

F.Supp.3d 159, 172 (S.D. NY 2014).

In reviewing very similar allegations, the court in *Braun* determined that the plaintiff alleged no facts that would establish the defendant knew it had no permissible purpose or recklessly disregarded its obligation to have a permissible purpose under the law and, that as a result, defendant's conduct could just as likely have been unintentional. *Id*. Likewise, plaintiff here has alleged no facts to suggest a knowing or reckless violation of the FCRA. Accordingly, plaintiff has failed, in both its filed amended complaint and its proposed SAC, to a state a viable claim for liability under Section 1681n of the FCRA.

Plaintiff's allegation that Citibank was negligent in obtaining plaintiff's credit report without a permissible purpose also fails state a valid FCRA claim. Negligent failure to comply with FCRA results in liability to the consumer for actual damages sustained by the consumer as a result of the failure to comply. 15 U.S.C. §1681o. In the proposed SAC, plaintiff alleges that Citibank's conduct has directly caused plaintiff's mental anguish and personal humiliation. (Dkt. 15-1, ¶36). Actual damages for an FCRA violation may include humiliation and mental distress. *Bach v. First Union Nat. Bank*, 149 F. App'x 354, 361 (6th Cir. 2005). An injured person's testimony alone may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory

14

statements. *Id*. (citing *United States v. Balistrieri*, 981 F.2d 916, 931–32 (7th Cir.1992)). Nevertheless, plaintiff's proposed SAC offers no factual underpinnings for her conclusory allegation of mental anguish and personal humiliation, and thus does not assert a valid claim against Citibank under Secton 1681o.

### D. Intrusion upon Seclusion

To state a prima facie claim for intrusion upon seclusion, a plaintiff must show (1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man. *Daniel v. West Asset Management*, 2015 WL 2405708, at *3 (E.D.Mich., May 20, 2015)(citing *Doe v. Mills*, 212 Mich.App. 73 (1995)). "An intrusion upon seclusion claim focuses on the *manner* in which the information was obtained." *Id.* (emphasis in original). Intrusion upon seclusion claims are properly dismissed when it is the disclosure itself, not the method of disclosure, that plaintiffs find objectionable. *Id*. (citing *Lansing Ass'n of School Administrators v. Lansing School Dist. Bd. Of Ed.*, 216 Mich.App. 79 (1996)). Plaintiff's existing complaint and proposed SAC do not allege facts to support the third element of an intrusion upon seclusion claim in that neither identify or detail anything objectionable about the method by which plaintiff's credit report was

15

obtained. Because plaintiff has not alleged objectionable means for obtaining her credit report, Citibank's motion to dismiss should be granted and plaintiff's motion for leave to file the SAC should be denied as futile.

### E. Conclusion

As a matter of law, plaintiff's complaint does not sufficiently allege the requisite elements for recovery under Sections 1681n and 1681o of the FCRA, nor does it adequately make out a prima facie case for intrusion upon seclusion. Accordingly, plaintiff's amended complaint (Dkt. 11) should be dismissed. Likewise, because plaintiff's proposed SAC (Dkt. 15-1) fails to remedy the deficiencies of the existing complaint, plaintiff's motion for leave to file the SAC is futile and should be denied.

Although district courts should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant, in some circumstances, when, as here, a particular *pro se* litigant is familiar with the procedural setting as a result of prior experience, the court has discretion to limit the additional latitude that would normally be afforded. *See Braun*, 14 F.Supp.3d at 175. Given this plaintiff's robust familiarity with the procedural setting, derived from her litigation of at least four other FCRA actions in this district over

the last few years,[2] this Court recommends that plaintiff be afforded just one last opportunity to amend her complaint to address the deficiencies identified herein. Plaintiff is reminded that, regardless of her *pro se* status, she is required to have a good-faith basis for any allegations she may choose to assert in an amended complaint. Specifically, plaintiff is hereby cautioned that she is not protected from Rule 11 sanctions merely by her *pro se* status and that such sanctions may include monetary penalties, dismissal of her action, with prejudice, and vexatious filing injunctions to deter further repeated frivolous filings. *See id.*

**IV. RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss (Dkt. 12) be **GRANTED,** plaintiff's complaint (Dkt. 11) against defendants be **DISMISSED**, and that plaintiff's motion for leave to file Second Amended Complaint (Dkt. 15) be **DENIED**. The undersigned further **RECOMMENDS** that plaintiff be **GRANTED** 30 days to file an amended complaint to address the deficiencies identified by the Court.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

---

[2]*Daniel v. West Asset Management*, 2015 WL 2405708 (E.D.Mich., May 20, 2015)(J.Cleland); *Daniel v. Equable Ascent Financial, LLC*, 2014 WL 5420058 (E.D.Mich., Oct. 22, 2014)(J.Cleland); *Daniel v. Bluestem Brands, Inc.*, 2014 WL 81763 (E.D.Mich., Jan. 9, 2014)(J.Cox); *Daniel v. DTE Energy*, 2013 WL 4502151 (E.D.Mich., Aug.22, 2013)(J.Roberts).

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 8, 2016                               s/Stephanie Dawkins Davis
                                                   Stephanie Dawkins Davis
                                                   United States Magistrate Judge

### CERTIFICATE OF SERVICE

    I certify that on August 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov