UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,                         Case No. 15-11479

        Plaintiff,                Mark A. Goldsmith
v.                                       United States District Judge

GOODYEAR TIRE/CBSD, et al,               Stephanie Dawkins Davis
                                         United States Magistrate Judge
        Defendants.
_____/

**REPORT AND RECOMMENDATION:**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 25)**

## I.   PROCEDURAL HISTORY

Plaintiff Rochelle Daniel filed this consumer protection case against

defendant Citibank, N.A. (defendant or Citibank, herein), alleging that defendant,

under the name Goodyear Tire/CBSD, accessed her full credit report without a

permissible purpose in violation of the Fair Credit Reporting Act ("FCRA") 15

U.S.C. §1681 *et seq*.  (Dkt. 1, 11, 24).  This matter was referred to the undersigned

for all pretrial purposes.  (Dkt. 5).  Defendant originally filed a motion to dismiss

on September 28, 2015.  (Dkt. 12).  On October 19, 2015, plaintiff filed both a

response to defendant's motion to dismiss and a motion for leave to file a second

amended complaint. (Dkt. 15, 16).  Defendant filed a response opposing plaintiff's

motion for leave to file a second amended complaint, and a reply brief in further

support of its own motion to dismiss. (Dkt. 17, 19).  Plaintiff filed a reply brief in

further support of her motion for leave to amend.  (Dkt. 20).  Defendant's motion

to dismiss (Dkt. 12) was granted, and plaintiff's motion for leave to file a second

amended complaint, as such, was denied.   Nevertheless, plaintiff was granted

leave to amend her complaint to address the deficiencies identified by the Court.

(Dkt. 22, 23).

Pursuant to the Court's order, plaintiff filed a second amended complaint

(SAC) again alleging that defendant willfully or negligently violated the FCRA,

and intruded upon her seclusion by obtaining her credit report without

authorization or justification.  (Dkt. 24).  Defendant again filed a motion to

dismiss plaintiff's SAC. (Dkt. 25).  Plaintiff filed a response brief opposing

defendant's motion and defendant filed a reply brief. (Dkt. 27, 28).  Pursuant to

Eastern District of Michigan Local Rule 7.1(f)(2), these motions will be

determined without oral argument.  For the reasons set forth below, the

undersigned recommends that defendant's motion to dismiss be **GRANTED**, and

plaintiff's second amended complaint be **DISMISSED** pursuant to Fed.R.Civ.P.

12(b)(6).

## II.    FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

On April 29, 2013, plaintiff received a copy of her credit report prepared by

credit reporting agency Experian, which reflected that a request for plaintiff's

credit history was made by an entity identified as Goodyear Tire/CBSD[1] on June

27, 2012. (Dkt. 24). Plaintiff alleges that she never made an application for

credit, employment or insurance with Goodyear. (*Id*.) She further alleges that she

never received an adverse notice from Citibank or any information relating to an

application for credit relative to Goodyear. (*Id*.)

On August 14, 2014, plaintiff sent defendant a letter requesting an

explanation for why it had accessed her credit report. (*Id*). According to plaintiff,

a Citibank representative told her that it would have accessed her credit report

only if it had received an application for credit for her. The representative also

advised plaintiff that Citibank no longer had the application because over two

years had elapsed between the date of the application (June 27, 2012) and the date

she inquired about it (August 14, 2014). (*Id*). Plaintiff alleges that defendant has

"no evidence of a reasonable belief that include any facts detailing the underlying

credit transaction that justified [the accessing of [her] credit report." (*Id*.)

Plaintiff asserts that defendant, in fact, lacked a permissible purpose for obtaining

her credit report and thus violated the FCRA and intruded upon her seclusion in

accessing the report. (*Id*.) She also alleges that defendant violated 15 U.S.C.

§ 1681b(f) by acting knowingly or with reckless disregard to consumer rights in

---

[1] CBSD, or Citibank (South Dakota), N.A. was defendant's predecessor in interest. (Dkt. 12).

requesting and obtaining her credit report without a permissible purpose.  (*Id.*)
Alternatively, plaintiff alleges that Citibank was negligent in obtaining a copy of
her credit report without permissible purpose, and that Citibank's negligence
caused her mental anguish and personal humiliation.  (*Id*).

Defendant counters that plaintiff's complaint should be dismissed because
Citibank did have a permissible purpose for obtaining plaintiff's credit report and
because it did not knowingly, willfully, recklessly or negligently violate the FCRA
in doing so. (Dkt. 25).  As it did in its first motion to dismiss, defendant supports
its permissible purpose argument by attaching  a document - purportedly a page
from a New Accounts Processing System Journal - reflecting Citibank's receipt of
a credit application containing plaintiff's name, address and date of birth, as well
as a redacted telephone number and social security number  ("the Application"), to
its brief.  (Dkt. 25-2 ).  Defendant also attaches to its brief and relies on a letter
dated June 30, 2012 from the Goodyear Credit Plan, correctly addressed to
plaintiff, which purports to decline her request for credit ("the Letter").  (Dkt. 25-
5).

Defendant argues that plaintiff has failed to state a claim upon which relief
may be granted under the FCRA because it did not willfully, knowingly, recklessly
or negligently obtain plaintiff's credit report without a permissible purpose.  (Dkt.
25).  Specifically, defendant argues that the SAC does not set forth sufficient facts

4

to state a claim that is plausible on its face because it does not contain allegations which would repudiate defendant's affirmative assertion of permissible purpose, i.e., the processing of the Application, and the issuance of the Letter. (Dkt. 25-2, 25-5). Defendant argues that plaintiff fails to state a claim for relief under FCRA because her allegations that defendant knowingly and wilfully violated FCRA in accessing her credit report are nothing more than a formulaic recitation of the elements of that cause of action without any plausible factual basis. (Dkt. 25). Likewise, defendant argues that plaintiff's claims that defendant negligently violated FCRA are nothing but conclusory allegations of mental anguish and humiliation without any factual support, and thus must fail as a matter of law. (*Id.*) Finally, defendant argues that plaintiff has failed to assert a prima facie case for intrusion upon seclusion. (*Id.*).

Plaintiff insists that the SAC does adequately state a claim for relief under the FCRA, and that the Application (of which she had requested a copy before filing suit against defendant) and the Letter were fabricated by Citibank. (Dkt. 27). She also argues that she alleged sufficient facts supporting the allegations of both wilful and negligent violation of FCRA to withstand a motion to dismiss. (*Id.*)

Defendant responds that plaintiff has not provided sufficient factual material to create a claim plausible on its face. Defendant argues that the mere

possibility that defendant acted unlawfully is insufficient to sustain a claim, and that plaintiff's bare assertions of legal conclusions do not meet the plausibility threshold.  Consequently, her claims must be dismissed.  (Dkt. 28).

## III.   LEGAL ANALYSIS AND CONCLUSIONS

### A.   Standard of Review

In reviewing a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true and determine whether plaintiff undoubtedly can prove no set of facts consistent with the allegations that would entitle her to relief.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)*(*citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir.2006)).  Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. *Id.*  Plaintiff's obligation to provide the "grounds" of her entitlement to relief calls for more than labels and conclusions or a formulaic recitation of the elements of the cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).  The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.  *Id*. at 1965.  To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery

6

under some viable legal theory.  *Id.* at 1969.  "Determining whether a complaint states a plausible claim for relief will...be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 566 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).  Moreover, *pro se* litigants remain subject to the Federal Rules of Civil Procedure.  Courts are not expected to devise a claim where the plaintiff has failed to articulate one in her pleadings.  *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir. 2011)(citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B.    Fair Credit Reporting Act

Section 1681b of the FCRA states the conditions under which a consumer credit agency may furnish a credit report. 15 U.S.C. § 1681b. Specifically, the FCRA provides that a consumer reporting agency may furnish a consumer credit report:

(3) [t]o a person which it has reason to believe

7

> (A) intends to use the information in connection
> with a credit transaction involving the consumer
> on whom the information is to be furnished and
> involving the extension of credit to, or review or
> collection of an account of, the consumer; or
>
>         * * *
>
> (F) otherwise has a legitimate business need for
> the information–
>> (i) in connection with a business transaction
>> that is initiated by the consumer; or
>> (ii) to review an account to determine
>> whether the consumer continues to meet the
>> terms of the account.

15 U.S.C. §1681b(a)(3)(A), (a)(3)(F).  A person shall not use or obtain a consumer

report for any purpose unless–

> (1) the consumer report is obtained for a purpose for
> which the consumer report is authorized to be furnished
> under this section; and
>
> (2) the purpose is certified in accordance with section
> 1681e of this title by a prospective user of the report
> through a general or specific certification.

15 U.S.C. §1681b(f).  Based on these statutory provisions, courts have found that

a plaintiff must establish three elements to sustain a claim of improper use or

acquisition of a credit report: (i) that there was a consumer report within the

meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the

defendant did so without a permissible statutory purpose.  *McFarland v. Bob Saks

Toyota, Inc.*, 466 F.Supp.2d 855, 867 (E.D. Mich. 2006) (citing *Phillips v.

Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002)).  In addition, a plaintiff must

demonstrate that the defendant acted with the requisite degree of culpability–either willfulness under 15 U.S.C. §1681n(a), or negligence under 15 U.S.C. §1681o(a)–in order to impose civil liability under the FCRA.  *See Grendahl*, 312 F.3d at 364.

### 1.    Permissible Purpose

A showing of permissible purpose is a complete defense to a FCRA violation claim.  *Daniel v. Bluestem Brands, Inc.,* 2014 WL 81763 at  *4 (E.D. Mich. Jan. 9, 2014). To establish a violation, a plaintiff must show that defendant lacked a permissible purpose in obtaining his credit reports.  *Id.*  At least one court has held that allegations that a defendant accessed a plaintiff's credit report without providing plaintiff an explanation as to why it did so are sufficient to survive a motion to dismiss on a permissible purpose defense.  *See Smith v. Safeco Insurance,* 2013 WL 5609323, *1 (N.D. Ill. Oct. 11, 2013).

Plaintiff alleges that defendant did not provide her with an explanation as to why it accessed her credit report.  (Dkt. 24).  Rather, according to plaintiff, Citibank claimed it would only access a credit report in conjunction with an application for credit.  Yet, it could find no application for plaintiff in its records. (*Id*).

As it did in its previous motion, defendant asserts that it permissibly accessed plaintiff's credit report, relying on the Application and the Letter it

attached to its motion.  (Dkt. 25-2, 25-5).  However, as discussed extensively in

the Report and Recommendation on defendant's first motion to dismiss (Dkt. 22),

the Court will not consider these attachments because they are not part of the

pleadings[2] and because it would be premature to convert the motion to dismiss to

one for summary judgment.  *See Snodgrass-King Pediatric Dental Associates,*

*P.C.*, 79 F. Supp. 3d at 761; *Gudenas v. Cervenik*, 2010 WL 987699, at *3 (N.D.

Ohio Feb. 22, 2010), report and recommendation adopted, 2010 WL 1006532

(N.D. Ohio Mar. 16, 2010).

Without considering the aforementioned attachments, the facts as alleged by

plaintiff, are sufficient, although just barely, to support a plausible inference that

Citibank accessed her credit report without a permissible purpose.  *See Smith,*

---

[2] Contrary to defendant's assertion in footnotes 1 and 2 of its brief in support of its motion to dismiss, plaintiff does not refer to either the Application or the Letter in the SAC.  As discussed extensively in this Court's previous ruling, the Sixth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Geiling v. Wirt Fin. Servs., Inc.*, 2015 WL 1529866 at *4 (E.D. Mich. Mar. 31, 2015) (quoting *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997), *overruled on other grounds, Swierkiwica v. Sorema, N.A.*, 534 U.S. 506 (2002)).  Extrinsic material may be considered part of the pleadings **only** if the document's content is alleged in the plaintiff's complaint without any challenge to the document's authenticity, and it does not rebut, challenge, or contradict anything in the plaintiff's complaint. *See Snodgrass-King Pediatric Dental Assoc. P.C. v. DentaQuest USA Ins. Co. Inc.*, 79 F.Supp.3d 753, 761 (M.D. Tenn. 2015) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds*; *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 n. 23 (3d ed.)); *see also Braun v. United Recovery Systems, LP*, 14 F.Supp.3d 159, 170 (S.D.N.Y. 2014).  Because plaintiff directly challenges the authenticity of the extrinsic documents, which completely rebut and contradict the allegations in the SAC, they may not be considered part of the pleadings and thus may not be considered in the context of deciding a motion pursuant to Fed.R.Civ.P 12(b)(6).

2013 WL 5609323 at *1. Specifically, plaintiff alleges that she did not apply for credit with Citibank; and Citibank falsely certified to Experian that it had a permissible purpose to obtain her report. (Dkt. 1 at Pg ID 2-3). Hence, Citibank's permissible purpose defense does not justify dismissal of plaintiff's FCRA claims under Rule 12(b)(6).

### 2.    Culpability

Nevertheless, to sustain a claim for civil liability under the FCRA, plaintiff must show not only that the defendant lacked a permissible purpose in obtaining her credit reports, but also demonstrate that the defendant acted with the requisite degree of culpability, either wilfulness or negligence. *Bluestem Brands, Inc.,* 2014 WL 81763 at *3; 15 U.S.C. §§ 1681n, 1681o. A wilful violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. *Khoury v. Ford Motor Credit Co.,* 2013 WL 6631471, at * 5 (E.D. Mich. Dec. 17, 2013). "'Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Garrett v. Experian Info. Solutions, Inc.,* 2012 WL 1931324, at *4 (E.D. Mich. May 29, 2012)). A company subject to the FCRA does not act in reckless disregard unless its action is not only a violation under a reasonable reading of the statute's terms, but also shows that the company ran a risk of violating the law that was substantially

11

greater than mere carelessness.  *Id*.  Mistake is not actionable under the wilful or

reckless FCRA culpability standards.  *Id*.  A plaintiff must allege specific facts to

satisfy the state-of-mind element which include enough information to allow the

court to draw a reasonable inference that the alleged FCRA violation was wilful,

or that the defendant knew that it had no permissible purpose or recklessly

disregarded its obligation to have a permissible purpose to access a credit report.

*Braun*, 14 F.Supp.3d at 172.

Once again, plaintiff's SAC does not contain allegations of fact to support

an inference that Citibank's actions ran an unjustifiably high risk of violating the

FCRA.  *See Khoury*, 2013 WL 6631471 at *4.  Plaintiff's allegations, specifically

that Citibank obtained plaintiff's credit report under false pretenses, that its

actions were inconsistent with one of the permissible purposes, that it illegally

obtained the report by falsely certifying to Experian that it had a permissible

purpose to access the report and that Citibank acted knowingly or with reckless

disregard to consumer rights in obtaining plaintiff's credit report, are conclusory

and amount to nothing more than a formulaic recitation of the elements of the

cause of action.  *See Braun v. United Recovery Systemss*, 14 F.Supp.3d 159, 172

(S.D.N.Y. 2014).

In reviewing very similar allegations, the court in *Braun* determined that the

plaintiff alleged no facts that would establish the defendant knew it had no

permissible purpose or recklessly disregarded its obligation to have a permissible purpose under the law and, that as a result, defendant's conduct could just as likely have been unintentional. *Id*. Likewise, plaintiff here has alleged no facts to suggest a knowing or reckless violation of the FCRA. Plaintiff comes closest to supporting the allegations with her claim that, "...Defendant admits to not having a credit application on file recorded in Plaintiff's name." (Dkt. 24, Pg ID 228 at ¶ 25). However, she references paragraphs 13 and 16 of the complaint for support. Closer scrutiny of the referenced paragraphs reveals that the basis for plaintiff's claim of an admission is statements from two Citibank employees explaining that the company would no longer have application information due respectively to (1) the two-year lapse in time, and (2) the fact that credit was not extended. Even reading the facts in a light most favorable to plaintiff, as the court is required to do, when considered in context, these statements do not reasonably support an inference that Citibank knowingly or recklessly accessed plaintiff's credit report without having a credit application on file. Rather, they merely support the conclusion that Citibank was not in possession of such an application at the time of plaintiff's inquiry some two years after the credit report was pulled. Thus, plaintiff's current iteration of allegations still fails to a state a viable claim for liability under § 1681n of the FCRA.

Plaintiff's allegation that Citibank was negligent in obtaining plaintiff's

credit report without a permissible purpose also fails state a valid FCRA claim.  A consumer can recover actual damages sustained as a result of an offending company's negligent failure to comply with the FCRA.  15 U.S.C. § 1681o.  In the SAC, plaintiff alleges that Citibank's conduct has directly caused plaintiff mental anguish and personal humiliation.  (Dkt. 24, ¶36).  Actual damages for an FCRA violation may include humiliation and mental distress.  *Bach v. First Union Nat. Bank*, 149 Fed. Appx. 354, 361 (6th Cir. 2005).  An injured person's testimony alone may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements.  *Id*. (citing *United States v. Balistrieri*, 981 F.2d 916, 931–32 (7th Cir. 1992)).  Here, despite plaintiff's attempt to expand on her claims of humiliation and mental distress, the SAC offers no factual underpinnings for her allegations of mental anguish and personal humiliation, thus rendering them conclusory.  As a result, plaintiff does not assert a valid claim against defendant under § 1681o.

Plaintiff's allegations of mental anguish and personal humiliation are as follows:

> Defendant's conduct caused Plaintiff to suffer mental anguish when it obtained her credit report violating her privacy, and she became equally frustrated when Defendant simply ignored her fax seeking an explanation for the pull. The frustration and anger was amplified

> when Defendant's nonchalance, unapologetically stated
> that if the report was obtained, "I was not harm," despite
> the fact Defendant snooped through sensitive financial
> information, and reduced my credit score.
>
> Defendant's conduct caused Plaintiff to suffer
> humiliation because her credit report contained
> derogatory information she was embarrassed about that
> was viewed by Defendant.

Courts in this Circuit and elsewhere have imposed a strict standard of proof for the recovery of emotional damages because they are so easy to manufacture. *Flood v. Equifax Info. Services, LLC*, 2014 WL 4243778, at *6–7 (E.D. Mich. Aug. 26, 2014). Further, when discussing whether emotional distress damages are recoverable under the Fair Credit Billing Act, the Sixth Circuit noted a Second Circuit's decision with respect to the FCRA and held that such damages are available only "in extreme cases." *Id*. See, *Butler v. Sterling, Inc.*, 2000 WL 353502, at *8 (6th Cir. 2000)(citing *Casella v. Equifax Credt Info. Servs.*, 56 F.3d 469, 474 (2nd Cir. 1995)); *see also, Kaplan v. Experian, Inc*., 2010 WL 2163824, at *5 (E.D. Mich. May 26, 2010) and *Burnstein v. Saks Fifth Avenue & Co.*, 208 F.Supp.2d 765, 779 (E.D. Mich. 2002) (The extreme circumstances warranting emotional distress damages require allegations of tangible physical effects of alleged stress, or egregious behavior by defendant's account representatives that could be expected to give rise to emotional distress).

This matter does not involve "extreme" circumstances or facts where

emotional distress reasonably could be expected as a result of the defendant's conduct. Plaintiff's SAC contains only generalized claims of emotional injury, and alleges defendant conduct more accurately characterized as inattentive than outrageous. *See id*. Thus plaintiff fails to assert a claim for emotional distress damages sufficiently plausible to satisfy *Iqbal*.

### D. Intrusion upon Seclusion

To state a prima facie claim for intrusion upon seclusion, a plaintiff must show (1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man. *Daniel v. West Asset Management*, 2015 WL 2405708, at *3 (E.D. Mich. May 20, 2015) (citing *Doe v. Mills*, 212 Mich. App. 73 (1995)). "An intrusion upon seclusion claim focuses on the *manner* in which the information was obtained." *Id.* (emphasis in original). Intrusion upon seclusion claims are properly dismissed when it is the disclosure itself, not the method of disclosure, that plaintiffs find objectionable. *Id*. (citing *Lansing Ass'n of School Administrators v. Lansing School Dist. Bd. Of Ed.*, 216 Mich. App. 79 (1996)).

Obtaining a credit report is rarely an actionable intrusion. *Geiling v. Wirt Fin. Services, Inc.*, 2014 WL 8473822, at *53 (E.D. Mich. Dec. 31, 2014), report and recommendation adopted in part, 2015 WL 1529866 (E.D. Mich. Mar. 31,

2015); *See Daniel v. Equable Ascent Financial, LLC*, 2014 WL 5420058, at *2 (E.D. Mich. Oct. 22, 2014); *see also Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F.Supp.2d 502, 514 (D. Md. 2006) ("[N]o reasonable jury could find that a single request for likelihood of collection score, **or even pulling a credit report**, would be highly offensive to a reasonable person.") (emphasis added). In cases to the contrary, the defendants potentially acted willfully. *See e.g., Rodgers v. McCullough*, 296 F.Supp.2d 895, 904 (W.D. Tenn. 2003); *Hall v. Harleysville Ins. Co.*, 896 F.Supp. 478, 483–84 (E.D. Penn. 1995) (genuine issue of material fact existed as to whether defendant's violation of FCRA was wilful).

Plaintiff's SAC does not allege facts to support the third element of an intrusion upon seclusion claim because merely pulling a credit report is not construed as objectionable to the reasonable person absent plausible allegations of wilful wrongdoing. Because plaintiff has not adequately alleged wilful malfeasance or any other objectionable means for obtaining her credit report, defendant's motion to dismiss plaintiff's intrusion upon seclusion claim should be granted.

### E. Conclusion

As a matter of law, plaintiff's complaint does not sufficiently allege the requisite elements for recovery under §§ 1681n and 1681o of the FCRA, nor does it adequately make out a prima facie case for intrusion upon seclusion.

17

Accordingly, plaintiff's second amended complaint (Dkt. 24) should be dismissed.

Although district courts should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant, in some circumstances, when, as here, a particular *pro se* litigant is familiar with the procedural setting as a result of prior experience, the court has discretion to limit the additional latitude that would normally be afforded.  *See Braun*, 14 F.Supp.3d at 175.  Given this plaintiff's robust familiarity with the procedural setting, derived from her litigation of at least four other FCRA actions in this district over the last few years,[3] this Court recommends that plaintiff's action be dismissed with prejudice.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 25) be **GRANTED** and plaintiff's second amended complaint (Dkt. 24) against defendant be **DISMISSED with prejudice**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

---

[3] Plaintiff has filed no fewer than four similar lawsuits in this court in the past four years: *Daniel v. West Asset Management*, 2015 WL 2405708 (E.D. Mich. May 20, 2015) (J. Cleland); *Daniel v. Equable Ascent Financial, LLC*, 2014 WL 5420058 (E.D. Mich. Oct. 22, 2014) (J. Cleland); *Daniel v. Bluestem Brands, Inc.*, 2014 WL 81763 (E.D. Mich., Jan. 9, 2014) (J. Cox); *Daniel v. DTE Energy*, 2013 WL 4502151 (E.D. Mich. Aug.22, 2013) (J. Roberts)(the court declared plaintiff a "vexatious filer" and prohibited her from filing any suit against DTE raising claims related to the debt and credit reports that were the subject of her litigation against DTE without first obtaining leave of court).

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 27, 2017                          s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 27, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

<div style="margin-left:40%">

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

</div>