UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

       Plaintiff,

v.

Case No. 15-cv-11479

HON. MARK A. GOLDSMITH

GOODYEAR TIRE/CBSD, et al,

       Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED JULY 27, 2017 (DKT. 29); (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DKT. 32); (3) GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 25); AND (4) DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Stephanie Dawkins Davis (Dkt. 29), which recommends granting Defendant Citibank's motion to dismiss. Following an extension, see 8/11/2017 Order (Dkt. 31), Plaintiff Rochelle Daniel timely filed objections to the R&R (Dkt. 32), to which Citibank filed a response (Dkt. 33). Daniel then filed a reply to the response (Dkt. 34). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the R&R is accepted and Citibank's motion to dismiss is granted.

### I. BACKGROUND

On April 29, 2013, Daniel received a copy of her credit report, prepared by Experian.[1] Sec. Am. Compl. ("SAC") ¶ 7 (Dkt. 24). Through this report, Daniel discovered that Citibank had

---

[1] Because this case is before the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual background is drawn from the allegations made in Plaintiff's complaint.

requested a copy of her credit report, apparently without her consent. Id. Sixteen months later, in August 2014, she faxed a letter to Citibank requesting an explanation for the request; Citibank did not respond to the letter. Id. ¶ 11. On October 6, 2014, Daniel called Citibank and spoke to a representative who informed her that Citibank would not have information regarding any credit request because so much time had elapsed since the request. Id. ¶¶ 12-13.

Daniel filed suit, alleging that Citibank willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., by obtaining her credit report without a permissible purpose, SAC ¶¶ 24-28, and negligently violated the same Act. Id. ¶¶ 29-35. She further alleges that Citibank committed the tort of intrusion upon seclusion, arguing that she had a reasonable expectation of privacy in her credit report, and that Citibank violated this expectation by obtaining her credit report without legal justification. Id. ¶¶ 36-43.

Citibank filed a motion to dismiss, arguing that it did indeed have a permissible purpose for obtaining Daniel's credit report, and, thus, could not have violated the FCRA. See Def. Mot. to Dismiss (Dkt. 25). To support this claim, Citibank submitted Daniel's application for a Goodyear credit plan. See Pl. App., Ex. 2 to Def. Mot. to Dismiss (Dkt. 25-2). Citibank also argues that Daniel did not adequately state a claim for any of the three claims presented in the SAC. Daniel responded that the submitted application was "[c]learly" fabricated, and that she did sufficiently state her claims against Citibank. Pl. Resp. Br. (Dkt. 27). Citibank replied by reiterating that Daniel did not sufficiently state a claim, and that it had a permissible purpose for obtaining the credit report. See Def. Reply (Dkt. 28).

In the R&R, Magistrate Judge Davis concluded that Citibank's permissible-purpose argument was premature because the documents that form the defense were not part of the pleadings, and thus could not be considered at the motion-to-dismiss stage. See R&R at 9-11.

However, the Magistrate Judge agreed with Citibank that Daniel did not adequately state a claim regarding the willful violation of the FCRA, concluding that the SAC did not contain allegations of fact sufficient to support an inference that Citibank ran an unjustifiably high risk of violating the FCRA. See id. at 11-13. The Magistrate Judge also dismissed Daniel's negligent-violation claim, concluding that Daniel did not offer factual underpinnings for her claim of emotional damages because the case did not involve extreme circumstances that could lead to damages for emotional distress. See id. at 13-16. Finally, the Magistrate Judge dismissed Daniel's intrusion-upon-seclusion claim, concluding that the SAC did not contain allegations sufficient to support a finding that Citibank's actions were objectionable to the reasonable person. See id. at 16-17.

Daniel filed four objections to the R&R, arguing (i) the Magistrate Judge misstated the factual background; (ii) Citibank's "mistake" constituted a willful violation of the law; (iii) Daniel sufficiently pleaded emotional distress; and (iv) a reasonable jury could conclude that Citibank's conduct was objectionable.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv,

3

Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

### III. DISCUSSION

#### A. Factual Background

Daniel's first objection is that the Magistrate Judge "erred in stating that the representative advised me that it no longer had the application because two years had elapsed." Pl. Obj. at 2-3 (Dkt. 32). Rather, Daniel argues that it was she who had made the observation that only two years had passed, not Citibank's representative.

The Court overrules Daniel's objection. The Magistrate Judge's alleged factual misstatement was made in connection with her conclusion that the facts alleged by Daniel were sufficient to "support a plausible inference that Citibank accessed her credit report without a permissible purpose," finding in favor of Daniel on the argument on which this objection is grounded. R&R at 10. Thus, any error the Magistrate Judge might have made in the recitation of the factual background of the case is harmless. Accordingly, the Court overrules Daniel's first objection.

#### B. Willful Violation of Law

Daniel's second objection is that the Magistrate Judge erred in determining that Citibank's "mistake" did not constitute a willful violation of law. Daniel cites Jerman v. Carlisle, McNellie,

4

Rini, Kramer & Ulrich GPA, 559 U.S. 573 (2010), in which the Supreme Court held that the "bona fide error" defense in the Fair Debt Collection Practices Act (FDCPA) does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the Act. Daniel argues that this holding in the context of the FDCPA means that mistaken interpretations of an act cannot be used as a defense for violations of other federal consumer protection statutes, such as the FCRA. Citibank responds that Daniel has provided no support for her conclusion that Jerman applies to the FCRA, and that Daniel has not alleged sufficient facts to show the requisite level of culpability.

This objection is overruled. The Magistrate Judge properly outlined the standard for determining a willful violation of the FCRA: In addition to meeting the elements of the civil violation,[2] it must also be shown that Defendant violated the Act either intentionally or recklessly. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57 (2007). In this context, an act is reckless when it entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. at 68 (internal quotation marks omitted). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. Considering that the Supreme Court has spoken on the requisite standard for showing a willful violation of the FCRA, it is inconsequential that the Court, in the FDCPA context, ruled that mere mistake is not an adequate defense. Lower courts should not assume that a more recent Supreme Court opinion

---

[2] To show a violation of the FCRA, a plaintiff must prove three elements: "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." Bickley v. Dish Network, LLC, 751 F.3d 724, 728 (6th Cir. 2014) (emphasis in original) (internal quotation marks omitted).

has overruled a prior decision without an explicit directive from the Supreme Court. See Agostini v. Felton, 521 U.S. 203, 237 (1997). Therefore, this Court is not free to infer an implicit overruling of Safeco and cannot view a subsequent decision regarding the FDCPA as having any bearing on this case.

The question that remains is whether Daniel adequately pleaded intentionality or recklessness under Safeco. Even construing the complaint liberally, as the Court must, Daniel has not stated a claim for willful violation of the FCRA. Daniel simply does not make the factual allegations necessary to show that Citibank operated in a way that risked violating the FCRA in a manner "substantially greater than the risk associated with a reading that was merely careless." Safeco, 551 U.S. at 69. As the Magistrate Judge observed, Daniel's complaint only supports the conclusion that Citibank did not possess any application for a pull of Daniel's credit report over two years after the report was pulled. Such an allegation does not state a claim that Citibank willfully violated the FCRA. Accordingly, Daniel's second objection is overruled.

**C. Negligent Violation of Law**

Daniel next objects to the Magistrate Judge's conclusion that she has not stated a claim for negligent violation of the FCRA. A defendant who negligently fails to comply with the terms of the FCRA is liable to the plaintiff for "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o. Daniel cites Bach v. First Union National Bank, 149 F. App'x 354 (6th Cir. 2005), arguing that actual damages can be proven by showing humiliation and mental distress, and that a plaintiff's testimony can be sufficient to support such a claim. Citibank cites the Magistrate Judge's opinion, claiming that Daniel's generalized claims of emotional injury are insufficient to withstand the motion to dismiss.

This objection is overruled.  Daniel is correct that actual damages in this context may be proven by showing pain, suffering, and humiliation, and that a plaintiff's testimony alone can show this harm.  See Bach, 149 F. App'x at 361.  As the Magistrate Judge observed, however, there is also precedent to the effect that claims for damages in the form of humiliation and mental distress must arise in cases with particularly extreme circumstances.  See, e.g., Burnstein v. Saks Fifth Avenue & Co., 208 F. Supp.2d 765 (E.D. Mich. 2002).  For example, in Smith v. LexisNexis Screening Solutions, Inc., 837 F.3d 604, 611 (6th Cir. 2016), the plaintiff was awarded damages for emotional distress after a negligently-performed background check characterized plaintiff as a felon, when in fact he was not.  The Sixth Circuit concluded that emotional damages could be awarded "where the facts are so inherently degrading that a jury could infer ... emotional distress." Id. (internal quotation marks omitted) (ellipses in original).  On the other hand, damages were not appropriate in Burnstein because the plaintiff did not identify any "egregious behavior" that "could be expected to give rise in emotional distress," in a case in which the plaintiff claimed that her reputation would suffer on account of a delinquency noted on her credit report.  Id. at 779.  The court observed that the defendant's "conduct could more accurately be characterized as inattentive than outrageous."  Id.  At the motion-to-dismiss stage, the allegations in the complaint must be more than "sparse and conclusory" to support a claim of negligent violation of the FCRA.  Sion v. SunRun, Inc., 2017 WL 952953, at *2 (N.D. Cal. 2017).  In Sion, the court dismissed the case because the Plaintiff merely alleged that she was "affected personally" and felt that her "privacy had been invaded" by the disclosure.  Id.

Here, Daniel argues that she suffered mental anguish due to the violation of her privacy; she became more frustrated when her fax to Citibank was ignored, and even more so when Citibank's representative was unapologetic and nonchalant on the telephone.  SAC at ¶¶ 32-33.

7

Daniel also argues that she suffered humiliation because the credit report contained derogatory information about which she was embarrassed. Id. at ¶ 34. While it is understandable that Daniel grew frustrated due to what she perceived as poor customer service, that is far from the extreme or inherently degrading circumstances necessary to support a claim of emotional damages. Rather, as in Burnstein, Citibank's conduct is more accurately described, at worst, as inattentive rather than outrageous. Because Daniel's claims of emotional distress are no more than sparse and conclusory, the third objection is overruled.

### D. Intrusion Upon Seclusion

Finally, Daniel objects to the Magistrate Judge's conclusion that she did not adequately plead an intrusion-upon-seclusion claim. To successfully plead the claim, a plaintiff must adequately allege "(1) the existence of a secret and private subject matter, (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter by the defendant through some method objectionable to the reasonable man." Lansing Ass'n of School Adm'rs v. Lansing School Dist. Bd. of Educ., 549 N.W.2d 15, 20 (Mich. Ct. App. 1996) (emphasis removed). Citing case law that intrusion-upon-seclusion claims should be dismissed when the plaintiff merely finds the disclosure itself to be intrusive, the Magistrate Judge determined that Daniel did not plead the third prong of the claim because the act of accessing a credit report alone is not a method objectionable to a reasonable person. See R&R at 16 (citing Daniel v. West Asset Management, 2015 WL 2405708 at *3 (E.D. Mich. 2015)). Daniel objects, arguing that Citibank has no evidence of a legitimate business need, and that Defendant never sent an adverse-action notice to Daniel.

This objection is overruled. As the Magistrate Judge observed, Daniel must plead that the method used to obtain the information was objectionable. See Lansing Ass'n of School Adm'rs,

549 N.W.2d at 20. Daniel has made no such allegation here. Instead, she only alleges that the obtaining of the information itself was highly objectionable. See SAC ¶ 24. As recited by the Magistrate Judge, this allegation is inconsistent with a litany of cases holding that obtaining a credit report is rarely an actionable intrusion. See R&R at 16-17 (listing cases). Without facts directed to the method itself and how that method was objectionable, the claim of intrusion of seclusion was not properly pled. Thus, Daniel's objection is overruled.

### IV. CONCLUSION

For the reasons set forth above, the Court accepts the Magistrate Judge's recommendation dated July 27, 2017 (Dkt. 29); overrules Daniel's objections thereto (Dkt. 32); grants Citibank's motion to dismiss (Dkt. 25); and dismisses Daniel's claim with prejudice.

SO ORDERED.

Dated: September 27, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2017.

s/Karri Sandusky
Case Manager